# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | |
| Plaintiff | CIVIL ACTION NO: |
| vs. | |
| **Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland** | COMPLAINT |
| Defendants | RE:<br>53 Davis Avenue, Auburn, ME 04210 |
| **Mortgage Electronic Registration Systems, Inc., as nominee for Corinthian Mortgage Corporation DBA SouthBanc Mortgage** | MORTGAGE:<br>January 14, 2003<br>Book 5270, Page 223 |
| Party-in-Interest | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are the obligors and the total amount owed under the terms of the Note is One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a National Association, with its principal place of business located at 3900 Wisconsin Avenue, NW, Washington, DC 20016-2892.

5. The Defendant, Holly K. Copland a/k/a Holly K. Wise-Copland, is a resident of Auburn, County of Androscoggin and State of Maine.

6. The Defendant, Robinson F. Copland, is a resident of Auburn, County of Androscoggin and State of Maine.

7. The Party-in-Interest, Mortgage Electronic Registration Systems, Inc., as nominee for Corinthian Mortgage Corporation DBA SouthBanc Mortgage, its successors and assigns, is located at 1818 Library Street, Suite 300, Reston, VA 20190.

## FACTS

8. On November 23, 1998, by virtue of a Warranty Deed from Robinson F. Copland, which is recorded in the Androscoggin County Registry of Deeds in **Book 4124, Page 346**, the property situated at 53 Davis Avenue, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On January 14, 2003, the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, executed and delivered to America`s Wholesale Lender a certain Note in the amount of $112,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on January 14, 2003, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc. as nominee for America`s Wholesale Lender its successors and assigns, securing the property located at 53 Davis Avenue, Auburn, ME 04210 which Mortgage Deed is recorded in the Androscoggin County Registry of Deeds **in Book 5270**, **Page 223**. See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bank of America, N.A. successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated March 9, 2012 and recorded in the Androscoggin County Registry of Deeds in **Book 8418, Page 182**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated February 11, 2015 and recorded in the Androscoggin County Registry of Deeds in **Book 9084, Page 39**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The transfer of all the rights contained in the Mortgage to Nationstar Mortgage LLC is further ratified and confirmed by virtue of a Quitclaim Assignment dated November 3, 2015 and recorded in the Androscoggin County Registry of Deeds in **Book 9255, Page 249.** *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The transfer of all the rights contained in the Mortgage to Nationstar Mortgage LLC is again further ratified and confirmed by virtue of a Quitclaim Assignment dated March 7, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9324, Page 113.** *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

15. The Mortgage was then further assigned to Federal National Mortgage Association by virtue of a Corporate Assignment of Mortgage dated March 7, 2016 and recorded in the Androscoggin County Registry of Deeds in **Book 9324, Page 114**. *See* Exhibit H (a true and correct copy of the Corporate Assignment of Mortgage is attached hereto and incorporated herein).

16. On October 21, 2012, the Defendant, Holly K. Copland a/k/a Holly K. Wise-Copland, executed a Fannie Mae Loan Modification Agreement which confirmed the principal amount of the Note to $106,708.83.  *See* Exhibit I (a true and correct copy of the Fannie Mae Loan Modification Agreement is attached hereto and incorporated herein)

17. On July 11, 2018, the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

19. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal National Mortgage Association, is the present holder and owner of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

22. Mortgage Electronic Registration Systems, Inc., as nominee for Corinthian Mortgage Corporation DBA SouthBanc Mortgage is a Party-in-Interest pursuant to a Mortgage in the amount of $95,500.00 dated September 15, 2004, and recorded in the Androscoggin County Registry of Deeds in **Book 6094, Page 347** and is in second position behind Plaintiff's mortgage.

23. The total debt owed under the Note and Mortgage as of September 21, 2018, if no payments are made, is One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), which includes unpaid Principal Balance in the amount of One Hundred Three Thousand Three Hundred Sixty Dollars and Ninety Nine Cents ($103,360.99); Accrued Interest in the amount of Four Thousand Four Hundred Fifty Two Dollars and Seventeen Cents ($4,452.17); Late Fees in the amount of One Hundred Twenty Eight Dollars and Seventy Six Cents ($128.76); Deferred Late Fees in the amount of Sixty Four Dollars and Thirty Eight Cents ($64.38); Lender Paid Expenses in the amount of Nine Hundred Dollars and Zero Cents ($900.00); and Escrow Advances in the amount of Two Hundred Thirty Eight Dollars and Sixteen Cents ($238.16).

24. Upon information and belief, the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

25. The Plaintiff, Federal National Mortgage Association, repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 53 Davis Avenue, Auburn, County of Androscoggin, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

28. The Plaintiff, Federal National Mortgage Association, is the current holder and owner and investor of the aforesaid Mortgage and Note.

29. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2018, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of September 21, 2018, if no payments are made, is One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), which includes unpaid Principal Balance in the amount of One Hundred Three Thousand Three Hundred Sixty Dollars and Ninety Nine Cents ($103,360.99); Accrued Interest in the amount of Four Thousand Four Hundred Fifty Two Dollars and Seventeen Cents ($4,452.17); Late Fees in the amount of One Hundred Twenty Eight Dollars and Seventy Six Cents ($128.76); Deferred Late Fees in the amount of Sixty Four Dollars and Thirty Eight Cents ($64.38); Lender Paid Expenses in the amount of Nine Hundred Dollars and Zero Cents ($900.00); and Escrow Advances in the amount of Two Hundred Thirty Eight Dollars and Sixteen Cents ($238.16).

31. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, on July 11, 2018, evidenced by the Certificate of Mailing.. *See* Exhibit J.

34. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On January 14, 2003, the Defendant, Holly K. Copland a/k/a Holly K. Wise-Copland, executed and delivered to America`s Wholesale Lender a certain Note in the amount of $112,500.00.  *See* Exhibit B.

37. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are in default for failure to properly tender the March 1, 2018 payment and all subsequent payments.  *See* Exhibit J.

38. The Plaintiff, Federal National Mortgage Association, is the proper holder and owner of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland.

39. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

40. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland's breach is knowing, willful, and continuing.

41. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland's breach have caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of September 21, 2018, if no payments are made, is One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), which includes unpaid Principal Balance in the amount of One Hundred Three Thousand Three Hundred Sixty Dollars and Ninety Nine Cents ($103,360.99); Accrued Interest in the amount of Four Thousand Four Hundred Fifty Two Dollars and Seventeen Cents ($4,452.17); Late Fees in the amount of One Hundred Twenty Eight Dollars and Seventy Six Cents ($128.76); Deferred Late Fees in the amount of Sixty Four Dollars and Thirty Eight Cents ($64.38); Lender Paid Expenses in the amount of Nine Hundred Dollars and Zero Cents ($900.00); and Escrow Advances in the amount of Two Hundred Thirty Eight Dollars and Sixteen Cents ($238.16).

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, Holly K. Copland a/k/a Holly K. Wise-Copland, entered into a written contract with America`s Wholesale Lender who agreed to loan the amount of $112,500.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, Federal National Mortgage Association, is the proper holder and owner of the Note and successor-in-interest to America`s Wholesale Lender, and has performed its obligations under the Note and Mortgage.

48. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, have breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2018 payment and all subsequent payments. *See* Exhibit J.

49. The Plaintiff, Federal National Mortgage Association, is the current holder and owner of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland.

50. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

51. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are indebted to Federal National Mortgage Association in the sum of One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendants.

52. Defendants Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland's breach is knowing, willful, and continuing.

53. Defendants Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland's breach have caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of September 21, 2018, if no payments are made, is One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), which includes unpaid Principal Balance in the amount of One Hundred Three Thousand Three Hundred Sixty Dollars and Ninety Nine Cents ($103,360.99); Accrued Interest in the amount of Four Thousand Four Hundred Fifty Two Dollars and Seventeen Cents ($4,452.17); Late Fees in the amount of One Hundred Twenty

Eight Dollars and Seventy Six Cents ($128.76); Deferred Late Fees in the amount of Sixty Four Dollars and Thirty Eight Cents ($64.38); Lender Paid Expenses in the amount of Nine Hundred Dollars and Zero Cents ($900.00); and Escrow Advances in the amount of Two Hundred Thirty Eight Dollars and Sixteen Cents ($238.16).

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. America`s Wholesale Lender, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Holly K. Copland a/k/a Holly K. Wise-Copland, $112,500.00.  *See* Exhibit B.

58. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are in default for failure to properly tender the March 1, 2018 payment and all subsequent payments.  *See* Exhibit J.

59. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, should be required to compensate the Plaintiff, Federal National Mortgage Association.

60. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

61. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. America`s Wholesale Lender, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Holly K. Copland a/k/a Holly K. Wise-Copland, $112,500.00.  *See* Exhibit B.

63. The Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, have failed to repay the loan obligation.

64. As a result, the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to America`s Wholesale Lender by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are in breach of the Note by failing to make payment due as of March 1, 2018, and all subsequent payments;

d) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are in breach of the Mortgage by failing to make payment due as of March 1, 2018, and all subsequent payments;

e) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Holly K. Copland a/k/a Holly K. Wise-Copland and Robinson F. Copland, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Nine Thousand One Hundred Forty Four Dollars and Forty Six Cents ($109,144.46), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: September 7, 2018

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670